UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:10-CR-74 |
| | ) | |
| DAVID JACKSON, *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**

Defendant David Jackson has filed a motion to dismiss the indictment, (Doc. 28), and his co-defendant Ashlea Laughlin has also filed a motion to dismiss the indictment, (Doc. 26). These motions have been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. At the final pretrial conference/motion hearing held on November 5, 2010, the attorneys announced that the motions could be decided by the magistrate judge without oral argument and therefore no proof was offered by any of the parties regarding these motions to dismiss. The facts hereafter discussed were gleaned from the indictment, defendants' briefs filed in support of their motions, and the United States' responses.

The defendant Jackson ("Jackson") is charged with carjacking, 18 U.S.C. § 2119. The defendant Laughlin ("Laughlin") is charged with kidnaping, 18 U.S.C. § 1201. Because each charge grows out of the same incident, and because the two motions are interrelated, both motions will be addressed in this single report and recommendation.

"DKB" is an infant. Jackson is DKB's father, and Ann Boyd is the mother. Boyd was

the child's legal custodian.

Count 1 of the indictment alleges that on July 11, 2010, Jackson used force, violence, and intimidation to accomplish the theft of Ann Boyd's car, and therefore committed the offense of carjacking.

Count Two of the Indictment charges Laughlin and another defendant, Stumbo, with kidnapping DKB. The United States asserts that is proof will show that Laughlin and Stumbo placed DKB in the car which Jackson had just stolen from Boyd, after which Jackson, Laughlin, and Stumbo fled in the car with DKB and remained at large for several days until apprehended in another state.

It is in the context of this background information that the motions to dismiss must be considered.

*JACKSON'S MOTION TO DISMISS, DOC. 28*

Jackson asserts that the discovery provided to him fails to establish a basis for the carjacking charge in Count One. He notes that the alleged victim, Ann Boyd, gave conflicting versions of the incident to different police officers. He also argues that there is no evidence to establish that he took Ann Boyd's vehicle by force, violence, or intimidation, nor is there any evidence that he intended to cause serious bodily harm or to kill her. In sum, he argues that the evidence is insufficient to prove the essential elements of the charge and the indictment therefore should be dismissed.

The Grand Jury found probable cause to believe that defendant used force, violence, and intimidation to steal – "take," if you prefer – Ann Boyd's 1999 Dodge Intrepid vehicle.

If Ann Boyd gave conflicting statements to various police officers after the incident, that is a basis for intense cross-examination, and it may be that the jury chooses to disbelieve Ms. Boyd's version of the facts. But it is not the prerogative of this court to look at discovery and assume that the United States will not be able to prove its case beyond a reasonable doubt without giving the United States an opportunity to present its proof-in-chief, which of course includes witnesses, one of which presumably will be Ms. Boyd. The jury should be allowed to observe Ms. Boyd and evaluate her credibility.

If Ms. Boyd's testimony is so incoherent and self-contradictory that it could not constitute sufficient evidence to sustain a conviction, *and if* there is no other sufficient evidence of defendant's guilt, then defendant's proper recourse is to file a motion pursuant to Rule 29.

## *LAUGHLIN'S MOTION TO DISMISS, DOC. 26*

Laughlin's motion to dismiss is similar to that of Mr. Jackson's – she essentially argues that there is no evidence that she aided and abetted in the kidnapping of DKB.

Again, the Grand Jury found probable cause to believe that Ms. Laughlin and Ms. Stumbo, aided and abetted by each other, kidnapped DKB. Ms. Laughlin says that she did not know the father, Jackson, did not have a right to take the child, nor did she know that Jackson intended to take the child across state lines. She further argues that Jackson intimidated her, and it was only for that reason that she took the child. Laughlin asks that this court evaluate the United States' proof before the United States has had a chance to introduce that proof, including presentation of other witnesses. This the court may not do.

Defendant's appropriate recourse is to file a motion pursuant to Rule 29 of the Federal Rules of Criminal Procedure at the close of the United States' proof. If the district judge at that time believes that he evidence is insufficient for a conviction, then he will grant the motion.

In her motion, Laughlin makes one statement that requires a bit of additional discussion. She says, "under federal law, Jackson was entitled to take the child." Respectfully, that is not so. Admittedly, the federal kidnapping statute expressly excludes from its ambit the parent of a child. In other words, as far as the federal kidnapping statute is concerned, a parent cannot be guilty of kidnapping even if he/she takes that child away in violation of a lawful state custody order. But the fact that Jackson cannot be guilty of violating the federal kidnapping statute does not mean he was "entitled to take the child."

Laughlin also argues that it is fundamentally unfair that Jackson has been charged only with carjacking (which is the only federal offense with which he can be charged), whereas she has been charged with kidnapping. If Jackson is convicted, the sentence can be no more than fifteen years, and of course it likely will be far less than that since there is no statutory minimum. On the other hand, Laughlin confronts a *minimum* twenty-year sentence upon conviction of the kidnapping statute.

The court agrees that this appears to be extremely unfair. Looking at the proof from the United States' perspective, Mr. Jackson in reality kidnapped his child, and Laughlin and Stumbo aided and abetted him in that offense. Yet, because of the exclusion of a parent from the operation of the federal kidnapping statute, Jackson cannot be charged with that offense. As the saying goes, something is wrong with that picture. But with that said, there is nothing

this court can do about it, simply because the statutes are what they are.

*CONCLUSION*

Each motion to dismiss asks this court to evaluate and weigh the evidence on a pretrial basis; to conclude that that evidence is insufficient to support the defendants' convictions; and therefore dismiss the indictment against them. To do so necessarily would usurp the role of the jury in judging the credibility of witnesses, including that of the alleged victim, Ann Boyd, and it also necessarily assumes that the United States has no other witnesses with respect to these alleged offenses.

It is respectfully recommended that the court deny both motions to dismiss.[1]

Respectfully submitted:

                                            s/ Dennis H. Inman
                                     United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).