UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DAVID JACKSON,                          )
                    Petitioner,          )
                                         )
        v.                               )        Nos.  2:10-CR-74
                                         )               2:14-CV-333
UNITED STATES OF AMERICA,                )
                    Respondent.          )

**MEMORANDUM OPINION AND ORDER**

David Jackson, ("Jackson" or "petitioner") a federal prisoner, has filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody," [Docs. 161],[1]  Jackson subsequently filed a supplemental motion, [Doc. 169], a second supplemental motion, [Doc. 170], and the government has responded, [Doc. 185].  Also pending before the Court are Jackson's "Request for Enlargement of Time to File Reply to government's response to petitioner's motion," [Doc. 191], and "petitioner's Request for Enlargement of Time to File Supplemental Motion znd Memorandum of Law relating back to motion to vacate, set aside, or correct sentence," [Doc. 194], seeking to make a claim based on *Welch v. United States* and *Johnson v. United States*.  These matters are now ripe for disposition.

The Court has determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing or the appointment of counsel is necessary.  For the reasons which follow, the petitioner's § 2255 motion lacks merit, the motion will be DENIED, and the § 2255 case DISMISSED WITH PREJUDICE.  Also for the reasons expressed herein, Jackson's request for enlargement of time

---

[1]  All docket numbers refer to the docket sheet in No. 2:10-CR-116.

to file a reply will be DENIED and his motion to add a claim based on *Welch v. United States* and *Johnson v. United States* will be DENIED as futile.

I.      **Factual and Procedural Background**

A criminal complaint was filed on July 12, 2010 charging David Jackson, Brooke Collins Stumbo and Ashlea Melynda Laughlin with carjacking (Jackson) and kidnapping (Stumbo and Laughlin) of Jackson's eight month old child,  [Doc. 2].  The federal grand jury returned a two count indictment on July 13, 2010 charging, Jackson, in Count One, with carjacking in violation of 18 U.S.C. § 2119 and, in Count Two, Stumbo and Laughlin with kidnapping in violation of 18 U.S.C. § 1201  [Doc. 3].  A superseding indictment was returned on December 21, 2010 which added a third count against Jackson for transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312, [Doc. 43].  On January 13 and 14, 2011, plea agreements were filed wherein Laughlin and Stumbo agreed to plead guilty to the kidnapping and agreed to cooperate with the government and testify against Jackson, [Docs. 50, 52].

Jackson's case proceeded to a two day trial on March 15-16, 2011, [Docs. 76,78].  On March 16, 2011, the jury returned guilty verdicts against Jackson as to Counts One and Three, [Doc. 81].  On August 29, 2011, Jackson was sentenced to a term of 180 months imprisonment on Count One and 82 months imprisonment on Count Three, consecutively, for a net effective sentence of 262 months.  [Doc. 121].  Judgment was entered on September 7, 2011, [Doc. 122]. Jackson filed a notice of appeal on September 8, 2011, [Doc. 123], and on November 14, 2013, the Sixth Circuit Court of Appeals affirmed the court's judgment, [Doc. 156].  On March 18, 2014, Jackson filed a pro se motion for new trial, [Doc. 159], along with the affidavit of Anne Boyd.  The motion for new trial was denied by order on July 28, 2016, [Doc. 193].  Jackson's pro se § 2255 motion was timely filed on November 10, 2014, [Doc. 161].

The trial of this case resulted in a lengthy transcript of testimony which has been reviewed by the government in its response to petitioner's motion. The Court has reviewed the government's statement of the facts as set forth at pages 1 – 4 of the government's response, as well as the transcripts of the trial, and the Court will adopt the statement of facts set forth in the government's response, [Doc. 185 at 1-4].

## II.    Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the

proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

## III.    Analysis

In Jackson's second supplemental motion, which the Court will consider to be the operative one, petitioner appears to raise, although in a confusing and difficult to decipher manner, eight separate grounds for relief, which the Court summarizes as follows:

> 1.    GROUND ONE:  (a) ineffective assistance of counsel for failure to investigate; (b) erroneous admission of "prior assault evidence" under Rule 404(b); and (c) ineffective assistance of counsel for improper cross-examination of witnesses, or to object to the use of perjured testimony.
>
> 2.    GROUND TWO:    Prosecutorial Misconduct.[2]
>
> 3.    GROUND THREE:   Judicial Bias.
>
> 4.    GROUND FOUR:    (a) Actual innocence of charge; (b) selective and/or vindictive prosecution, and (c) insufficient evidence to sustain conviction.

---

[2]   In his original petition, Jackson lists lack of subject matter jurisdiction as his second ground. Lack of subject matter is not mentioned in his second supplemental motion except to the extent he filed a copy of the original motion with his supplement. The Court will address the issue separately below.

5.      GROUND FIVE:      *Crawford* violation.

6.      GROUND SIX:      (a)  Erroneous  admission  of  404(b) evidence, and (b) false evidence used to convict.
7.      GROUND SEVEN:   Cumulative errors

8.      GROUND EIGHT:   (a)      Ineffective    assistance    of counsel at sentencing; and (b) failure to attack witness credibility.

The Court will address each claim in turn, although in a different order.

A.      **Issues Previously Litigated (Ground One, Subpart b; Ground Four, Subparts a and c; Ground Six)**

When Jackson appealed his judgment of conviction and sentence to the Sixth Circuit, he raised three issues:  The sufficiency of the evidence to support his conviction; error in the admission of Jackson's prior bad acts under Federal Rules of Evidence 403 and 404(b); and substantive reasonableness of his sentence.  With respect to the sufficiency of the evidence as to the carjacking, Jackson contested "the sufficiency of the evidence with respect to intent," arguing "that the evidence was insufficient to establish a 'nexus' between the evidence of intent to harm Boyd and the taking of the vehicle."  With respect to his conviction for interstate transportation of a stolen vehicle, "Jackson argue[d] that a reasonable juror could not have found that he knew the Dodge was stolen because there was evidence that he had reason to believe he was the owner."  *United States v. Jackson*, 543 F. Appx . 525, 528-29 (6th Cir. 2013).  Jackson claimed error in the admission of "evidence of his past assaults of Boyd, Laughlin and Stumbo, as well as evidence of the threats he directed toward those women."  *Id.* at 529.  The Sixth Circuit found each claim to be without merit.

The government correctly states that the law-of-the-case doctrine "dictates that issues, once  decided,  should  be  reopened  only  in  extraordinary  circumstances."  *United States v. Oglesby*, 55 F. Appx. 353 (6th Cir. 2003).  "A § 2255 motion may not be used to relitigate an

issue that was raised on appeal absent highly exceptional circumstances." *Holmes v. United States*, 281 F. Appx. 474, 482 n. 3 (quoting *Dupont v. United States*, 76 F. 3d 108, 110 (6th Cir. 1996)). The issues raised here are precisely the issues raised in the Sixth Circuit, they were decided adversely to Jackson, and he may not use this § 2255 proceeding to relitigate them. As the government notes, Jackson has not even alleged any exceptional circumstances, much less any "highly exceptional" ones.

**B.     Procedural Default (Ground Two; Ground Three; Ground Four, Subpart b; Ground Five; Ground Seven.**

A petitioner must raise his claims on direct appeal, "[o]therwise, the claim is procedurally defaulted" for purposes of § 2255 review. *Peveler v. United States*, 269 F. 3d 693, 698 (6th Cir. 2001) (citing *Bousley  v. United States*, 523 U.S. 614, 621 (1998)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in [a § 2255 motion] only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley*, 523 U.S. at 622 (quotation marks omitted).

Each of these claims, i.e., prosecutorial misconduct, judicial bias, vindictive and/or selective prosecution, the *Crawford* violation, and cumulative errors, could have been raised, but was not raised, on appeal. Thus, Jackson has procedurally defaulted them unless he can "demonstrate either cause and actual prejudice, or that he is actually innocent." It appears Jackson relies on a claim of actual innocence to excuse his default. But "claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536 (2006) (quoting *Schlup*, 513 U.S. at 327). A careful reading of petitioner's "actual innocence" claim reveals that he is simply

rearguing his claim that the evidence was insufficient to sustain his convictions. He has not pointed to any "new" evidence which makes "it more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Petitioner cannot excuse his procedural default on the basis of actual innocence.

Although not explicitly argued, petitioner may be suggesting that his procedural default should be excused because of his appellate attorney's ineffectiveness. Appellate counsel, however, "has no obligation to raise any possible claim and the decision of which among the possible claims to pursue [on appeal] is ordinarily entrusted to counsel's professional judgment," and "[c]ounsel's performance is strongly presumed to be effective." *Sullivan v. United States*, 587 F. Appx. 935 (6th Cir. 2014) (quoting *McFarland v. Yukins*, 356 F. 3d 688, 710 (6th Cir. 2004)). "[O]nly when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Id.* (quoting *Joshua v. DeWitt*, 341 F. 3d 430, 441 (6th Cir. 2003)).

Jackson cannot excuse his procedural default on this basis. He cannot show that any of these issues were clearly stronger than the issues actually presented on appeal. Indeed, it affirmatively appears that the issues presented on appeal were actually stronger than any of the defaulted claims, claims which, for the reasons set forth below, lack merit. Although it is not necessary for the Court to do so, the Court will briefly address these claims on the merits.

### 1. Prosecutorial Misconduct

The government appears to correctly note that petitioner claims five separate instances of alleged prosecutorial misconduct. First, he argues that the United States knowingly presented perjured testimony, i.e., that of the victim, Anne Boyd, who recanted her prior grand jury testimony about whether or not Jackson "hit or assaulted her in any way." [Doc. 170-3 at

Page ID # 1127]. Jackson argues that, because Boyd had stated "on at least three occasions prior to Sentencing, . . . that Jackson <u>did not</u> physically attack her, when he stole her car," the Court should have "restrict[ed] such language from the record, or to admonish the jury that even though such a statement had been made by one of the witnesses, it was not to be held as a true fact." [*Id.*].

This claim is easily disposed of. To prevail on a claim that the prosecutor engaged in misconduct by offering perjured testimony, the petitioner must show that the statements were actually false and material, and that the prosecutor knew the statements to be false. *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989). Petitioner falls far short of meeting that standard here. It is beyond dispute that Boyd offered contradictory statements and testimony more than once; however, it is clear that, immediately after the incident, she told law enforcement officers that her car had been stolen, that she had been assaulted, and that her infant son had been taken. [Doc. 185 at 11 (citing Trial Tr. at 149-50)]. That statement was corroborated by other evidence and Boyd admitted making the statement during her trial testimony. Although she "recanted" her earlier statements and testimony, that does not establish that the government knowingly offered perjured testimony, nor does it establish that her testimony was "facially insubstantial or incredible." *See United States v. Welch*, 97 F.3d 142, 151 (6th Cir. 1996). Determining credibility of witnesses under these circumstances "is exclusively the province of the jury." *United States v. Bond*, 22 F.3d 662, 667 (6th Cir. 1994). As the government has argued "[e]ven if 'a witness contradicts herself or changes her story,' that does not 'create an inference, let alone prove, that the prosecutor knowingly presented perjured testimony,' *Bucci v. United States*, 662 F.3d 18, 40 (1st Cir. 2011), and '[m]ere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false

testimony.' *Lochmondy*, 890 F.2d at 822." [Doc. 185 at 12-13].

Second, petitioner alleges that he was singled out for prosecution because he is a "very dark skinned African-American" and his co-defendants are "young white/Caucasian women." [Doc. 170-5 at 1]. Jackson claims the prosecutor "allowed [her] personal feelings and bigotries to guide [her] motives in the prosecution of petitioner, knowing that the charge was false and concocted." [*Id*.]. As proof of this assertion, Jackson "points to Judge Greer's[3] outward display of outrage and dismay, upon learning that petitioner's co-defendant's [sic] were charged with crimes that could conceivably garner them longer sentences than [Jackson] was facing." [*Id*.]. After the statement was made at Jackson's arraignment, a superseding indictment was returned adding a charge of interstate transportation of a stolen vehicle. Petitioner claims the charge was "a direct and vindictive reaction of Judge [G]reer's initial reaction to the fact that petitioner['s] charges were less severe than his [ ] white female codefendants [ ]." [*Id*. at 2].

To prevail on a claim of selective prosecution based on "an unjustifiable standard such as race," *see Oyler v. Boles*, 368 U.S. 448, 452 (1962), a defendant "must show that the federal prosecutorial policy had both a discriminatory effect and a discriminatory intent. To establish discriminatory intent in a case alleging selective prosecution based on race, a claimant must show that the prosecutorial policy was motivated by racial animus; to establish discriminatory effect, the claimant must demonstrate that similarly situated individuals of a different race were not similarly prosecuted." *United States v. Jones*, 339 F.3d 640, 645 (6th Cir. 2005) (quoting *United States v. Jones*, 159 F.3d 969, 976-77 (6th Cir. 1998) (citations omitted)). Jackson has alleged no facts to support a claim of either discriminatory effect or discriminatory intent and

---

[3] The record reflects that the statement referenced by Jackson was actually made by Chief United States Magistrate Judge Dennis H. Inman at Jackson's arraignment. Judge Inman did express some consternation that the co-defendants, who were charged with kidnapping, could potentially face greater prison sentences than Jackson, who could not be convicted of kidnapping his own child under the federal statute.

this second claim fails because it is nothing more than a conclusory allegation without any facts in support of it.

Third, petitioner claims that additional charges were placed after the judge's comments and were vindictive. Petitioner has likewise not alleged any facts to support a claim of vindictive prosecution based on the exercise of a protected right. To state such a claim, petitioner would be required to plead facts to demonstrate "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; and (4) the intent to punish the defendant for the exercise of the protected right." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001). If the defendant establishes the first three factors, these factors may demonstrate a "realistic likelihood of vindictiveness" that helps show the fourth factor, subject to rebuttal by the government. *Id*. Petitioner has alleged no facts to suggest that he can establish any of the necessary factors for this claim and it too is conclusory and insufficient to proceed further.

Fourth, petitioner apparently claims prosecutorial misconduct in the admission of 404(b) evidence related to co-defendant Stumbo. [Doc.170-8 at PageID # 1149]. He argues that the prosecutor only introduced the evidence "in an effort to show petitioner in a bad character." [*Id*.]. The Sixth Circuit has already determined that evidence of petitioner's assaults on both Stumbo and Laughlin was properly admissible and part of the *res gestae*. [Doc. 156 at 8-9]. That holding is thus determinative of Jackson's claim that the evidence of the assault on Stumbo was admitted for an improper purpose. There can be no prosecutorial misconduct where a prosecutor offers relevant and admissible evidence for a proper purpose. This claim lacks merit.

Finally, petitioner appears to make a claim of prosecutorial misconduct related to the government's notice of its intent to offer Rule 404(b) evidence. [Doc. 170-8 at PageID # 1152].

He addresses the claim in one sentence in his memorandum, asserting only that "he was prejudiced by counsel's use of 404(b) evidence where the prosecution failed [to] provide a timely notice to the Court, for *in limine* consideration of its use of the 404(b) character evidence, Petitioner's right to Due Process was denied." [*Id*.]. The claim is not further developed and is therefore waived. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Furthermore, even if not waived, the claim is disputed by the record. The United States filed its notice nearly two months before trial, [Doc. 53], and petitioner's counsel in fact filed a motion in limine to exclude the evidence, [Doc. 66]. The Court then held a hearing and ruled on the merits of the motion before the start of trial. [Doc. 75]. This claim likewise lacks merit.

### 2. Judicial Bias

Jackson "asserts that judicial bias did contribute to his conviction." [Doc. 170-4 at Page ID # 1130]. He seems to claim the Court was biased because "[o]nce Judge Greer, became aware that there was a discrepancy in Anne Boyd's (the victim's) testimony, he had an obligation to hold an <u>evidentiary hearing</u>, to ascertain the true facts. The judge, at the point of learning that Anne Boyd had <u>recanted</u> a 'portion' of her Grand Jury testimony, should have d[e]clared a mistrial and dismissed the jury, as well as the case." [*Id*. at 1131] (underlining in original). Petitioner cites no authority for such a claim. As noted above, Boyd's earlier testimony was not facially incredible nor was her trial testimony so. Under these circumstances, determining credibility of witnesses was exclusively the job of the jury and they were properly instructed on how to determine the credibility of a witness who had made inconsistent statements. There is no evidence of judicial bias here.

Jackson also accuses the Court of "bigotries" based on a statement actually made by the Magistrate Judge at his arraignment. [Doc. 170-5 at PageID # 1134]. Since the undersigned, not the Magistrate Judge, presided over Jackson's trial, the statement made by the Magistrate Judge could not possibly have contributed to his conviction at trial, even if it could somehow be interpreted as evidence of bias, which it cannot. Furthermore, as set forth above, the fact that Jackson was indicted on a new charge after the statement was made by the Magistrate Judge is not evidence of a vindictive prosecution or of judicial bias. (*See* Doc. 170-4 at PageID # 1135].

**3. Discriminatory Charges**

For the reasons set forth above in Section III.B.1, this claim is without merit and will not be discussed further.

**4. *Crawford* Violation**

Petitioner claims that "[m]aterial and prejudicial 'testimonial evidence' was introduced against" him in violation of *Crawford v. Washington*, 541 U.S. 36 (2004), [Doc. 170-7 at PageID # 1144]. In *Crawford*, the Supreme Court held that "testimonial" statements made by non-testifying co-defendants or witnesses are not automatically admissible simply because the hearsay evidence falls within one of the "firmly rooted hearsay exceptions." *Id.* at 60-61. Before such a testimonial statement may be admitted under the Confrontation Clause, the prosecutor must show that the witness is truly unavailable and that the defendant has had a prior opportunity to cross-examine the witness.

Petitioner appears to complain about four instances of what he characterizes as a "constructive confrontation violation," based on ***counsel's*** violation of his right of confrontation, [*Id.* at PageID # 1144]. They are:

1) Counsel failed to ask certain questions of Anne Boyd concerning the circumstances under which the car was placed in her name, [i*d.*

at PageID # 1145];

2)   Counsel "failed to call a key witness David Jackson's mother," [*id.*];

3)   Counsel failed to call or interview two "other" passengers in the car on the date of the offenses, [*id.* at PageID # 1146]; and

4)   Counsel failed to ask relevant questions of a minor passenger in the automobile, [*id.*].

None of these claims, for obvious reasons, implicate either *Crawford* nor the Confrontation Clause. First of all, the Confrontation Clause of the Sixth Amendment protects the right of the accused to confront his accusers, *Crawford*, 541 U.S. at 42, and applies to statements of witnesses who do not appear at trial, *Id.* at 54. The Confrontation Clause, by its very nature, protects a defendant from testimonial hearsay offered by the government prosecutors, not from action taken by his own attorney. Second, *Crawford* applies only to testimonial out-of-court statements not to counsel's failure to ask certain questions. These claims are without merit.

### C.   Ineffective Assistance of Counsel

#### 1.   Law Applicable To Ineffective Assistance of Counsel Claims

When a § 2255 Petitioner claims he was denied his Sixth Amendment right to effective assistance of counsel, it is noted that an attorney is presumed to have provided effective assistance, and the Petitioner bears the burden of showing that the attorney did not, *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). Petitioner must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," *Strickland v. Washington*, 466 U.S. 668, 687 (1987), which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). If Petitioner crosses this evidentiary hurdle, he must then show "a reasonable probability that, but for [the

attorney's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. In other words, he must show that he was prejudiced by the attorney's deficient representation:

> To succeed on an ineffective assistance claim, a defendant must show that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). [A court's ] review of counsel's performance is "highly deferential." *Id*. at 689, 104 S.Ct. 2052. [The court must] "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690, 104 S.Ct. 2052. The defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. To establish "prejudice," a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011). And, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

*Docherty v. United States*, 536 F. Appx. 547, 551 (6th. Cir. 2013).

**2.      Analysis**

Although Jackson's supplemental motion is very difficult to decipher, he appears to make the following claims of ineffective assistance of counsel:

1)      failure to conduct pretrial investigation by moving to exclude evidence of "prior bad acts," [Doc.170-1 at Page ID # 1115];

2)      "failure to defend against charges that were born out to be false and perjured," [Doc. 170-2 at Page ID #s 1115, 1123];

3)      "failure to elicit[ ] concrete and defenative [sic] statements from A. Laughlin, concerning the physical altercation," [*id*. at Page ID # 1123];

4)      "failure to rebut[] the testimony of A. Laughlin, impeach her

testimony concerning the alleged physical altercation during his <u>direct</u> or cross examination," [*id*. at Page ID #s 1123-24];

5) "failure to effectively cross-examine J. Albright . . . to elicit (definitive) descriptions or actual-factual-clear and concise evidence in regards to [where] Anne Boyd, was standing (when) D. Jackson drove away in her car," [*id*. at Page ID # 1124];

6) Same claim as No. 5 for witness Anne Boyd, [*id*. at Page ID # 1125];

7) "failed to elicit any relevant facts from B. Stumbo, his examination of the witness was p[e]rfunctory and peripheral," [*id]*.;

8) "Appellate counsel was ineffective in failing to raise" these same grounds on appeal, [*id*. at Page ID # 1121];

9) failed to call witness, petitioner's mother, to testify about circumstances under which car was titled in Anne Boyd's name, [*id* at Page ID #s 1145-46];

10) failed to object to "upward departure" pursuant to Rule 32.1[4], [Doc. 170-10 at Page ID # 1156];

11) failed to question Brooks Stumbo and A. Laughlin concerning their reasons for agreeing to testify to expose their lack of credibility or "were [either] lying for other motives, or had been induced to lie by someone," [*id*. at Page ID # 1158];

12) failure to seek a continuance to make further investigation, [*id*. Page ID # 1159]; and

13) failed to offer in evidence or bring to the Court's attention "Anne Boyd's (original-Statement) to (first) trial counsel;" [*id*.].

Petitioner's claims can roughly be grouped into the following: (1) failure to make proper pretrial investigation, (2) failure to object to prior bad acts; (3) failure to call certain witnesses, properly examine or cross-examine government witnesses, object to evidence, or make certain arguments, and (4) failure to raise Rule 32(h) violation with regard to the Court's upward

---

[4] Although petitioner refers to Rule 32.1, it is clear that he refers to Rule 32(h) of the Rules of Criminal Procedure.

departure.  The Court will address these claims in those four broad categories.[5]

### a.    Pretrial Investigation

Although petitioner generally titles his Ground One as a failure to conduct a reasonable pretrial investigation, he really makes only one specific claim, i.e., that counsel did not sufficiently investigate the "cause of Petitioner's actions as related to" Laughlin and Stumbo. Had he done so, petitioner posits, counsel would have discovered that Stumbo and Laughlin had stolen $1,700 from petitioner and "their actions had [ ] absolutely no connection with the e[v]ents of July 11, 2010, but were guided by guilt." [Doc. 170-1 at PageID # 1118].

The adversarial process protected by the Sixth Amendment requires that the accused have "counsel acting in the role of an advocate." *Anders v. California*, 386 U.S. 738, 743 (1967).  "[C]ounsel has a duty to make reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690-91.  A petitioner asserting a claim of ineffective assistance of counsel based on inadequate investigation must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690.  Here, with one exception, petitioner's claims are nothing more than bald, conclusory allegations; he does not explain what should have been investigated or how it would have altered the outcome of the case.  *See*, e.g., *United States v.*

---

[5]    As set forth herein, petitioner also makes a claim of ineffective assistance of appellate counsel, and a claim that "errors collectively and cumulatively did deprive him of a fair trial," [Doc. 170-9 at Page ID # 1155].  To the extent Jackson faults appellate counsel for not raising ineffective assistance of trial counsel on appeal, that claim fails because "[a]s a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal." *United States v. Martinez*, 430 F.3d 317, 331 (6th Cir. 2005).  To the extent he claims appellate counsel was ineffective for not raising the same substantive claims he has raised in this petition on appeal, the claim fails because appellate counsel is not required to raise non-meritorious claims on appeal in order to be effective. *Jones v. Barnes*, 463 U.S. 745 (1983).  Strategic and tactical choices regarding the best issues to pursue on appeal "are properly left to the sound professional judgment of counsel." *United States v. Perry*, 9098 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990).  Likewise, the cumulative effect of non-meritorious claims of error cannot provide a basis for relief. *See Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007) (assuming, without deciding, that cumulative error could provide basis for § 2254 relief, and holding that no relief was warranted if "there are simply no errors to cumulate.").

*Robson*, 307 F. Appx. 907, 911 (6th Cir. 2009).

The single exception is that Jackson alleges that counsel did not sufficiently investigate the "motivation" for Laughlin and Stumbo to testify against him. He suggests that counsel could have discovered that Laughlin and Stumbo had stolen money from him and were thus "guided by guilt." Petitioner offers no other explanation of this claim and does not indicate how counsel could have discovered this information pretrial. Even if counsel's performance was somehow deficient in this regard, the omission did not prejudice petitioner in any way. First of all, the link between an earlier theft of money from Jackson by Laughlin and Stumbo and a motive to testify falsely is incredibly tenuous and cannot be reasonably said to have had the potential to change the outcome of the trial, especially in light of counsel's otherwise vigorous cross-examination of these witnesses as to their credibility. Second, failure to pursue a single investigatory lead, especially one so tenuous, cannot be found to have prevented Jackson from receiving a constitutionally adequate defense. This claim lacks merit.

**b.      Prior Bad Acts**

Petitioner faults counsel's alleged failure to "conduct a reasonable pre-trial investigation . . . to move to exclude evidence of 'prior bad-acts under Federal Rules Evid. (404(b) and 403.)" To the extent petitioner is claiming inadequate investigation, this claim fails for the same reasons stated above. Jackson does not explain what further investigation would have shown or how it would have altered the outcome of his motion. If Jackson is alleging a failure to file a pre-trial motion to exclude the evidence, the record conclusively establishes that counsel did exactly that. Counsel filed a motion *in limine* to exclude the evidence, the Court held a hearing on the motion, and subsequently the Court denied the motion. Nothing about counsel's actions with regard to this issue suggests ineffective performance. To the extent

petitioner claims counsel should have argued the motion differently, that does not change the Court's determination that counsel was not ineffective . The manner in which the motion was presented and argued was, as the government argues, "plainly a matter of strategy," [Doc. 185 at 18], and such "strategic choices . . . are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Furthermore, as noted above, the Sixth Circuit has affirmed this Court's ruling on the motion and admission of the 404(b) evidence. This claim is likewise without merit.

        **c.**        **Failure to Call or Properly Examine or Cross-Examine Witnesses, Object to Evidence, or Make Certain Arguments**

Petitioner makes various complaints about his perceived belief that counsel failed to "elicit" certain "statements" from witnesses, to impeach the testimony of witnesses, to "effectively" cross-examine witnesses, and to offer a prior statement of Anne Boyd, the victim.

In our adversarial system, a defendant's right to cross-examine government witnesses is an important safeguard. It is "the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1994). This, however, is not one of those cases where counsel failed to cross-examine a witness altogether, *see Higgins v. Renico*, 470 F.3d 624, 632 (6th Cir. 2006), or one where counsel failed to bring up glaring grounds for impeachment, *see Reynoso v. Guirbino*, 460 F.3d 624 1099, 1114 (9th Cir. 2006). Even assuming that a shrewd cross-examiner might have elicited the information Jackson says could have been elicited, or that a different questioner might have conducted a different cross-examination, Jackson cannot establish that counsel's performance fell below an objective standard of reasonableness. "[T]he Sixth Amendment guarantees competence, not perfect litigation." *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004).

Decisions about whether, and to what extent to, cross-examine witnesses are almost exclusively "strategic" decisions of counsel and, as a result, are "effectively insulated"

from review. *Hurley v. United States*, 10 F. Appx. 257, 260 (6th Cir. 2001). Likewise, decisions about what witnesses to call are "strategic" and petitioner must overcome a strong presumption that counsel's choices were reasonable. *See*, e.g., *Bentley v. Motley*, 248 F. Appx. 718 (6th Cir. 2007). Petitioner has not overcome that presumption here and his claim that counsel was ineffective in failing to call his mother as a witness to testify about the reasons the Dodge automobile was titled in Anne Boyd's name or two other individuals allegedly in the car with Albright, fail for that reason. Importantly, Jackson has not offered the affidavit of any of these witnesses setting out the content of their supposed testimony or their willingness to have testified at trial, nor has he made any real effort to show how their testimony could have changed the outcome. In addition, the failure of counsel to call a family member as a witness can clearly be attributed to trial strategy. *Groseclose v. Bell*, 130 F.3d 1161, 1169 (6th Cir. 1997).

As noted by the government, petitioner faults counsel, in hindsight, for not making certain arguments at trial. While it is true that counsel **could** have made other or different arguments, that alone does not establish any ineffectiveness on his part. These claims lack merit also. Finally, petitioner's conclusory argument that counsel "failed to object to perjured testimony," fails because petitioner does not identify specifically the witness testimony he refers to or the basis for his claim that counsel knew or should have known it was untrue. As noted above, the fact that testimony contains inconsistencies, or that it conflicts with prior testimony or statements, does not make it subject to exclusion. Thus, counsel had no basis on which to object. The "inconsistencies" were for the jury to consider; in other words, credibility was the province of the jury.

### d.    Rule 32(h)

Petitioner argues that counsel was ineffective because he failed to object to the

Court's "upward departure" pursuant to Rule 32(h).  Rule 32(h) provides:

> **(h)    Notice of possible departure from Sentencing Guidelines.**  Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure.  The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h).  Petitioner is certainly correct that the Court departed upwardly from the applicable guidelines range.  The applicable guidelines range for imprisonment was 151 to 180 months of imprisonment.[6]  The Court granted a government request for upward departure and imposed an above-guideline sentence of 262 months, a sentence found to be substantively reasonable by the Sixth Circuit on appeal.  *See Jackson*, 543 F. App. at 531-32.  Jackson now claims counsel should have objected to the Court's failure to notify the defendant in writing, "at least 35 days prior to the beginning of trial."  [Doc. 170-1 at PageID # 1156].

While it is true that the Court did not give written notice of its intent to depart upward to petitioner prior to the sentencing hearing, Jackson mistakenly concludes that the Court was required to do so.  The plain language of the Rule makes it clear that such notice is required only when the departure is based on a ground "not identified . . . in a party's prehearing submission."  In this case, the government's prehearing request for an upward departure and sentencing memorandum, [Docs. 116, 117], clearly identified the precise grounds upon which the request relied.  The Court granted the government's motion on the same grounds identified in the government's prehearing submissions, [*see* generally Doc. 124].  Petitioner thus had the "reasonable notice" contemplated by the Rule and there was no basis for an objection by counsel.  Petitioner's claim that counsel's failure to object pursuant to Rule 32(h) was ineffective

---

[6]   Jackson's total offense level was 29 and his criminal history category was VI.

assistance is contradicted by the record and lacks merit.

## IV.     Request for Enlargement of Time to File Reply

On June 7, 2016, petitioner filed a motion/request, [Doc. 191], for an extension of time of 30 days to file a reply to the government's response to this § 2255 motion, which he received on May 10, 2016. Since he has now had more than one year to file any reply, but has not done so, the motion is DENIED. In the same motion, petitioner appears to seek to amend his § 2255 motion to raise claims based on the United States Supreme Court decisions in *Welch v. United States*, 136 S.Ct. 790 (2016) and *Johnson v. United States*, 135 S.Ct. 2551 (2015). For reasons discussed more fully in section V below, that request is DENIED. Finally, petitioner seeks appointment of counsel in light of *Welch* and *Johnson*. Because petitioner's *Johnson* and *Welch* claims lack merit, the motion for appointment of counsel is DENIED.[7]

## V.     Motion for Enlargement of Time to File Supplemental Motion

On September 6, 2016, petitioner filed "PETITIONER'S REQUEST FOR ENLARGEMENT OF TIME TO FILE SUPPLEMENTAL MOTION AND MEMORANDUM OF LAW RELATING BACK TO MOTION TO VACATE, SET ASIDE, AND CORRECT SENTENCE," [Doc. 194]. Whether the Court treats the motion as one for an extension of time to file a supplement or as a supplement to his original § 2255 motion, it lacks merit and will be DENIED.

Section 4B1.1 of the United States Sentencing Guidelines provides:

> A defendant is a career offender if (1) the defendant was at least
> eighteen years old at the time the defendant committed the instant
> offense of conviction; (2) the instant offense of conviction is a
> felony that is either a crime of violence or a controlled substance

---

[7]     On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether or not petitioner is eligible for collateral relief based on *Johnson*. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). FDSET did not file a supplemental petition on petitioner's behalf and, according to petitioner's motion, notified him that *Johnson* is not applicable to his case. [Doc. 194 at 3].

offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1. The Court concluded, over Jackson's objection[8], that petitioner was a career offender under § 4B1.1 because the offense of conviction, carjacking, was a crime of violence and Jackson had at least two qualifying prior felony convictions. In fact, the PSR identified three prior qualifying convictions: (1) burglary of a dwelling (PSR, ¶ 61), (2) possession with intent to deliver cocaine (PSR, ¶ 63), and (3) possession with intent to sell/deliver/manufacture/possess cocaine, (PSR ¶ 73). Petitioner now contends that his conviction for burglary of a dwelling does not qualify as a "crime of violence" because the "residual clause" of § 4B1.1 is unconstitutionally vague under the *Johnson* decision. He also contends that the instant offense of carjacking is not a crime of violence and that the Court did not rely on proper *Shepard*[9] documents to establish his prior convictions.

To the extent Jackson now challenges whether his conviction for carjacking is a crime of violence or whether the prior convictions were qualifying priors, he has procedurally defaulted the claims by not raising them on appeal.[10] Those issues are not implicated by the *Johnson* decision and all circumstances relating to those two claims were fully known at the time of the direct appeal. As far as petitioner's *Johnson* argument is concerned, the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), fully forecloses the claim.

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career

---

[8] Petitioner objected on the basis that none of the qualifying offenses identified in the Presentence Report were felonies.

[9] *Shepard v. United States*, 544 U.S. 13 (2005).

[10] Even when considered on the merits, these claims are clearly without merit. The offense of carjacking is the taking of a motor vehicle with an interstate commerce nexus from the person or presence of another by "force and violence" with the "intent to cause death or serious bodily harm." 18 U.S.C. § 2219. The offense is clearly a crime of violence under the "use of force" prong of the career offender guideline. As for the other claim, appropriate *Shepard* documents were attached to the probation officer's response to petitioner's objection.

Criminal Act, 18 U.S.C. § 924(e) was unconstitutionally vague. *Johnson*, 135 S. Ct. 2551. The ACCA mandates a fifteen-year sentence of any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause, the residual clause, that the Supreme Court deemed unconstitutional in *Johnson*. *Id*. at 2563. Jackson suggests that his sentence is no longer valid because the nearly identical residual clause of the guidelines is equally vague, [Doc. 194 at 8-10]. Petitioner's claim has two obvious flaws. First, on March 6, 2017, the Supreme Court held in *Beckles* that the United States Sentencing Guidelines are "not amenable to vagueness challenges," 137 S. Ct. at 894, necessarily meaning that Jackson's challenge to the career offender guideline fails. Second, Jackson focuses his entire argument on his conviction for burglary of a dwelling, ignoring totally the fact that **two** qualifying felony controlled substance offenses were also identified in the PSR. Thus, even if his argument that the burglary conviction no longer qualified as a predicate offense for career offender purposes under the guidelines was correct, he still has the necessary predicates and is still a career offender.

So, regardless of whether the Court considers petitioner's motion as one for leave to amend or as another supplemented § 2255 motion, the result is the same. It is without merit and is DENIED. [Doc. 194].

## V.    Conclusion

For the reasons discussed above, the Court holds that petitioner's sentencing was not in violation of the Constitution or laws of the United States and his motion, [Docs. 161, 169, 170] , to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001).  The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  Id. at 467. Each issue  must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel,* 529 U.S. 473, 120 S. Ct. 1595 (2000).  Id.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review.   Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment will enter.

ENTER:

                                        _____
                                           s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE