UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DAVID JACKSON, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Nos. 2:10-CR-74, 2:14-CV-333 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 254]; Petitioner's motions for a "default judgment" on his Rule 60(b) motion [Docs. 310, 329]; and the United States's motion *nunc pro tunc* for an extension of time to file a response [Doc. 330].[1] Given that the United States has provided a satisfactory explanation for its delay in responding to Petitioner's Rule 60(b) motion, the United States's motion for a *nunc pro tunc* extension is **GRANTED**, the Court accepts the United States's response [Doc. 331] as timely filed, and Petitioner's motions for a "default judgment" are **DENIED**. As discussed below, Petitioner's Rule 60(b) motion will also be **DENIED**.

I.     **BACKGROUND**

In March 2011, a federal jury found Petitioner guilty of carjacking in violation of 18 U.S.C. § 2119 and transportation of a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312. [Doc. 81]. At sentencing, Petitioner qualified as a career offender and the Court sentenced him to an above-guideline sentence of 262 months. [Doc. 124 at 6; Doc. 122 at 2]. The judgment was affirmed on appeal. [Doc. 156 at 12]. Petitioner subsequently filed a motion to vacate, set

---

[1] All ECF document citations reference the criminal case, 2:10-CR-74.

aside, or correct the judgment pursuant to 28 U.S.C. § 2255 [Doc. 161] and supplemental § 2255 motions [Docs. 169, 170], which the Court denied [Doc. 221]. In the instant motion, Petitioner seeks to reopen his § 2255 proceedings pursuant to Rule 60(b). [Doc. 254]. The United States responded in opposition [Doc. 331] and Petitioner filed a reply [Doc. 335]. This matter is ripe for review.

## II. LEGAL STANDARD

Under Rule 60(b), a party may seek relief from a judgment based on (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). "Because the rule undermines finality, relief pursuant to Rule 60(b) is an 'extraordinary remedy that is granted only in exceptional circumstances.'" *MTR Capital, LLC v. Lavida Massage Franchise Dev., Inc.*, No. 2:17-CV-13552-TGB-EAS, 2021 U.S. Dist. LEXIS 80258, at *4 (E.D. Mich. Apr. 27, 2021) (*citing McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000).

While inapplicable to criminal proceedings, Rule 60(b) has a limited application in habeas corpus proceedings, which are civil in nature. *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011). A habeas petitioner may use a Rule 60(b) motion to attack a "defect in the integrity of the federal habeas proceeding" or a procedural ruling that precluded a merits determination, such as untimeliness or procedural default. *Payne v. Bell*, No. 07-5991, 2008 U.S. App. LEXIS 28507, at *3 (6th Cir. Aug. 5, 2008) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532, 534 (2005)). However, a Rule 60(b) motion cannot be used to circumvent the restrictions on second or successive § 2255 petitions. *Gonzalez*, 545 at 538. A purported Rule 60(b) motion that raises new grounds for relief or challenges the federal court's resolution of a claim on the merits is properly construed as a

2

second or successive habeas petition. *Id.* at 532. Likewise, a motion that presents newly discovered evidence in support of a claim already litigated or bases an argument on a purported change in substantive law is not a proper Rule 60(b) motion and is subject to the rules on successive petitions. *Id.* at 531.

## III. DISCUSSION

Petitioner contends that relief is warranted under Rule 60(b) because (1) the Court failed to "fully resolve" the challenge to his career offender classification; (2) the Court failed to apply "liberal construction" to his prosecutorial misconduct claim; (3) new evidence shows he is actually innocent of his conviction under 18 U.S.C. § 2312; and (4) the Court failed to adequately address one of his ineffective assistance of counsel claims. [Doc. 254].

### A. Challenge to Career Offender Classification

First, Petitioner claims the Court failed to "fully resolve" his challenge to his career offender status. [*Id.* at 11]. In support of that allegation, he presents a detailed legal argument regarding why he believes that his drug and burglary convictions do not qualify as predicates and his instant offense of carjacking is not a crime of violence. [*Id.* at 11–21]. "[A] claim that the district court failed to consider a habeas claim may constitute a 'true Rule 60(b) claim asserting a defect in the integrity of the federal habeas proceedings.'" *In re Kupres*, No. 19-1689, 2019 U.S. App. LEXIS 32753, at *2 (6th Cir. Oct. 31, 2019) (citing *Tyler v. Anderson*, 749 F.3d 499, 508 (6th Cir. 2014)). Accordingly, to the extent that Petitioner claims the Court completely failed to address one of his habeas claims, this argument is properly brought under Rule 60(b).

However, Petitioner does not point to any claim which was not addressed. The Court considered Petitioner's arguments that his convictions for burglary and carjacking did not qualify as crimes of violence, finding that those claims were procedurally defaulted and meritless. [Doc.

3

221 at 22–23]. Although the Court did not address Petitioner's current argument regarding his drug offenses, Petitioner did not raise that argument in his habeas petition. Hence, the Court did not err by failing to address it. *Kiser v. Wainwright,* No. 21-3393, 2021 U.S. App. LEXIS 33889, at *9 (6th Cir. Nov. 15, 2021) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)) (explaining that a district court does not err in declining to address issues not raised in the habeas corpus petition).[2] To the extent that Petitioner attempts to raise a new claim that his drug convictions do not qualify as career offender predicates, or to reargue the career offender issues already decided by the Court, this claim is not properly brought under Rule 60(b).

### B. Failure to Liberally Construe Prosecutorial Misconduct Claim

Next, Petitioner asserts that the Court should have liberally construed his prosecutorial misconduct claim. [Doc. 254 at 22]. In his habeas motion, Petitioner asserted that the prosecutor acted improperly by adding an additional charge against him after the Magistrate Judge expressed concern that Petitioner's co-defendants faced potentially longer sentences than Petitioner. [Doc. 169-4 at 1–2]. The Court denied the claim as procedurally defaulted and meritless. [Doc. 221 at 7, 10]. Petitioner now argues that the Court erred by failing to "sua sponte" construe the claim as one of judicial misconduct. [Doc. 254 at 22–24].

To the extent Petitioner argues that the Court made a mistake, this argument could fit under Rule 60(b)(1). However, Petitioner has not identified an error. The Court's obligation to liberally construe pro se filings does not require the Court to analyze all possible legal theories that could apply to a claim. *Roberts v. Wainwright*, No. 1:18 CV 2228, 2019 U.S. Dist. LEXIS 92446, at *5–6 (N.D. Ohio June 3, 2019) ("While the court is required to liberally and actively construe the

---

[2] As the United States points out, a guideline challenge is not reviewable under § 2255. *See Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (holding that "a non-constitutional challenge to [an] advisory guidelines range . . . is not cognizable under § 2255."). Accordingly, even if Petitioner had argued in his § 2255 motion that his drug convictions do not count as career offender predicates, the claim would not be properly brought in a habeas proceeding.

4

Petition, the court is not required to construct claims on Petitioner's behalf."). Moreover, even construed as an allegation of judicial misconduct, the claim is still procedurally defaulted since Petitioner could have raised it on appeal but failed to do so. It is also meritless, given that there is no evidence that the Magistrate Judge acted improperly or that his remarks had any effect on the United States's decision to pursue a superseding indictment. Hence, this claim fails.

### C. Actual Innocence

Third, Petitioner asserts that the Court should consider his actual innocence claim on the merits in light of new witness testimony. [Doc. 254 at 30]. In support of this argument, Petitioner provides an affidavit from his mother, notarized in 2016. [Doc. 254-1]. Petitioner's actual innocence claim was litigated on direct appeal. [*See* Doc. 156 at 3–6]. And a Rule 60(b) motion cannot be used to present new evidence supporting the merits of a previously litigated claim. *Gonzalez*, 545 U.S. at 531–532. Such arguments should be raised, if at all, in a successive § 2255 petition after obtaining proper authorization from the Sixth Circuit. Further, even if new evidence could be considered here, the affidavit from Petitioner's mother is not "new" since the testimony it contains would have been available to Petitioner at the time of trial. Accordingly, this claim is without merit.

### D. Ineffective Assistance of Counsel

Finally, Petitioner contends that his trial attorney was ineffective because he failed to investigate and interview potential witnesses. [Doc. 254 at 34]. In particular, Petitioner faults his attorney for failing to call his mother as a witness. [*Id.* at 34–35]. Petitioner attempts to frame this argument in terms of Rule 60(b)(1), asserting that his ineffective assistance claim was "not fully considered." [*Id.* at 35]. However, the record shows that the Court rejected Petitioner's ineffective assistance claim on the merits, finding that Petitioner failed to overcome the presumption that an

5

attorney's selection of witnesses is a matter of strategy, and therefore essentially unreviewable [Doc. 221 at 19]. To the extent that Petitioner disputes the Court's ruling or alleges that the Court failed to adequately address his ineffective assistance claim, this argument cannot be raised in a Rule 60(b) motion. *See Gonzalez*, 545 U.S. at 534; *In re Garner*, No. 22-5262, 2022 U.S. App. LEXIS 22908, at *3 (6th Cir. Aug. 17, 2022) ("Although a motion asserting that the district court failed to address a claim *at all* would qualify as a true Rule 60(b) motion, a motion asserting that the district court did not address a claim correctly or adequately constitutes a second or successive § 2255 motion to vacate.") (emphasis in original). Thus, this argument fails.

## IV. CONCLUSION

In sum, Petitioner has not identified an error, manifest injustice, or other ground for relief under Rule 60(b) that would warrant reopening his habeas corpus proceedings. Therefore, his Rule 60(b) motion [Doc. 254] is **DENIED**. The United States's motion *nunc pro tunc* for extension of time to file a response is **GRANTED** and Petitioner's motions for default judgment [Docs. 310, 329] are **DENIED**. The Court **CERTIFIES** that an appeal from this order would not be taken in good faith and would be frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Any application by Mr. Jackson to proceed in forma pauperis on appeal is therefore preemptively **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE